UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JULIET JEFFERSON** | * | **CIVIL ACTION NO.:** |
| | * | |
| **VERSUS** | * | **DISTRICT JUDGE** |
| | * | |
| | * | **MAGISTRATE JUDGE** |
| **BARRIERE CONSTRUCTION CO., L.L.C., ABC INSURANCE COMPANY, and 123 INSURANCE COMPANY** | * | **JURY DEMAND** |
| | * | |
| | * | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE, Defendant, Barriere Construction Company, L.L.C. (hereinafter "Barriere"), by and through undersigned counsel, hereby submits this Notice of Removal of the state court action referenced herein to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. § 1332, 1441, and 1446. In support of its removal, Defendant respectfully avers as follows:

I.

On May 16, 2022, Plaintiff, Juliet Jefferson ("Plaintiff"), filed a Petition for Damages entitled "*Juliet Jefferson versus Barriere Construction Co. L.L.C., ABC Insurance Company, and 123 Insurance Company*" bearing suit number 2022-04306 in Civil District Court for the Parish of Orleans, State of Louisiana.[1]

II.

Plaintiff asserted a personal injury claim arising out of an incident that allegedly occurred on July

---

[1] See Plaintiff's Petition for Damages, attached as "Exhibit 1."

12, 2021 when Plaintiff allegedly fell in a hole near the property located at 1761 North Broad Street in New Orleans Louisiana.[2]

III.

Plaintiff further alleged Barriere left the "sinkhole" on the property in the course of the construction work they had/were performing in area.[3]

IV.

Plaintiff filed suit against Barriere asserting that Barriere created and thus knew or should have known of the allegedly hazardous condition posed by the alleged "sinkhole" and that Barriere failure to do so constituted negligence.

V.

Plaintiff's Petition alleges she is domiciled in the Parish of Orleans, State of Louisiana. Accordingly, Plaintiff is considered a citizen of Louisiana for the purpose of diversity jurisdiction.

VI.

Barriere is a limited liability company organized under the laws of the State of Louisiana. Its sole member, CRH Americas Materials, Inc., is organized under the laws of the State of Delaware with its principal place of business in the State of Georgia. Accordingly, Barriere is considered a citizen of Delaware and Georgia for the purpose of diversity jurisdiction.

VII.

ABC Insurance Company and 123 Insurance Company are fictitious defendants and, as such, should be disregarded for purposes of establishing diversity in accordance with 28 USC §1441(b)(1).[4]

---

[2] *Id.* at para. II.
[3] *Id.*
[4] In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

VIII.

Therefore, complete diversity exists between the parties in accordance with 28 USCA §1332.

IX.

Regarding the requisite amount in controversy requirement for diversity jurisdiction, Plaintiff's Petition does not include a specific quantum of damages or provide any allegation that would indicate that the amount in controversy exceeds the amount necessary to invoke federal diversity jurisdiction. However, on June 23, 2022, Plaintiff made a settlement demand of $3,500,000.[5]

X.

Additionally, as outlined in the settlement demand received on June 23, 2022, Plaintiff is claiming injuries to her cervical and lumbar spine and has received already one round of cervical epidural steroid injections and two rounds of lumbar epidural steroid injections.[6] Additionally, Plaintiff's treating physicians have reportedly considered Plaintiff a candidate for a lumbar fusion surgery.[7] Finally, Plaintiff claims she sustained a gluteal contusion.[8]

XI.

Plaintiff's demand claims she has already incurred $31,084.75 in past medical expenses[9] and then claims future medical expenses between $980,277.63 and $1,574.787.94.[10] Regardless, general damages for cervical and lumbar spine injuries treated with epidural steroid injections with

---

[5] *See* June 23, 2022 correspondence from Wright & Gray, attached hereto as "Exhibit 2."
[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*

3

a recommendation for surgery generally exceed the jurisdictional limit ($75,000) for diversity jurisdiction.[11]

XII.

Notices of removal are governed by 28 U.S.C. §1446(b), which provides that, "each defendant shall have 30 days after receipt by or service on that defendant of the initial pleadings or summons…to file a notice of removal. Further, under 28 U.S.C. §1446(b)(3), "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." Barriere was not served until June 27, 2022. Additionally, Barriere obtained "other papers" on June 23, 2022, in the form of a settlement demand of $3,500,000 that claimed $31,084.75 in past medical expenses, $980,277.63 and $1,574.787.94 in future medical expenses, and general damages associated with at least epidural steroid injections in both her cervical spine and lumbar spine. Barriere filed the instant Notice of Removal within thirty (30) days of service of the initial pleadings and of receipt of the settlement demand. Accordingly, this Notice of Removal is timely.

XIII.

The United States Court for the Eastern District of Louisiana is the federal judicial district embracing Civil District Court for the Parish of Orleans, State of Louisiana, where suit was originally filed. Venue is therefore proper in this district court pursuant to 28 U.S.C. § 1441(a).

---

[11] *See Ridgel v. Chevalier*, 2019-CA-0250 (La. App. 4 Cir. 01/08/20)(West reporter citation not yet available)(where the court awarded $120,000 in general damages for a cervical disc herniation and aggravation of preexisting degeneration changes at multiple levels, an aggravation of lumbar disc disease at multiple levels with a worsening bulge resulting in a herniation which were treated with chiropractic care and conservation treatment only); *see also Anderson v. State of Louisiana*, 18-001 (La. App. 3 Cir. 08/29/18), 358 So. 3d 925(where the court awarded $100,000 in general damages after the plaintiff suffered an aggravation of her preexisting lumbar and cervical spine injuries for which she underwent multiple ESIs in both her cervical and lumbar spine).

XIV.

Since there is complete diversity of citizenship between the parties and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this court has jurisdiction over the civil action pursuant to 28 U.S.C. § 1332 and 1367. Accordingly, this action may be removed to this Honorable Court pursuant to 28 U.S.C. § 1441 and 1446.

XV.

Barriere has good and sufficient defenses to the Plaintiff's claims for relief and dispute all rights to the relief prayed for in Plaintiff's Petition for Damages.

WHEREFORE, Defendant, Barriere Construction Company, L.L.C., prays that the above-entitled cause on the docket of Civil District Court for the Parish of Orleans, State of Louisiana, be removed from that Court to the docket of the United States District Court for the Eastern District of Louisiana and for trial by jury and other determinations as required by law.

Respectfully Submitted:

_/s/ Jared A. Davidson_
Jared A. Davidson, La. Bar No. 32419
jdavidson@twpdlaw.com
Sarah M. Kalis, La. Bar No. 37186
skalis@twpdlaw.com
TAYLOR, WELLONS, POLITZ & DUHE, LLC
1555 Poydras Street, Suite 2000
New Orleans, Louisiana 70112
Telephone: (504) 525-9888
Facsimile: (504) 525-9899
***Attorneys for Barriere Construction Company, L.L.C.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served this date on all known counsel of record in this proceeding by:

      ( )   Hand Delivery      ( )   Prepaid U.S. Mail

      (X)   Facsimile/Email    ( )   Federal Express

New Orleans, Louisiana, this 5th day of July, 2022.

                                */s/ Jared A. Davidson*
                          TAYLOR, WELLONS, POLITZ & DUHE, LLC