2022-04306

**M Section 13**

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

FILED
2022 MAY 16  P 12:13
CIVIL
DISTRICT COURT

SUIT NO. _____                              DIVISION " "

**JULIET JEFFERSON**

**VERSUS**

**BARRIERE CONSTRUCTION CO., L.L.C., ABC INSURANCE COMPANY, and 123 INSURANCE COMPANY**

FILED: _____     DEPUTY CLERK: _____

## PETITION FOR DAMAGES

NOW INTO COURT, through the undersigned counsel, comes Petitioner, **JULIET JEFFERSON**, a resident of the full age of majority and domiciled in the Parish of Orleans, Louisiana, who respectfully represents that:

Made defendants herein are:

a. **BARRIERE CONSTRUCTION CO., L.L.C.**, on information and belief, a domestic corporation licensed to do and doing business in the State of Louisiana whose registered agent for service of process is Corporation Services Company, located at 501 Louisiana Avenue, Baton Rouge, LA 70802;

b. **ABC INSURANCE COMPANY**, a foreign or domestic insurance company, authorized to do and doing business in the State of Louisiana, which, upon information and belief at all times material hereto, issued a policy of insurance that insured BARRIERE CONSTRUCTION CO., L.L.C.; and

c. **123 INSURANCE COMPANY**, a foreign or domestic insurance company, authorized to do and doing business in the State of Louisiana, which, upon information and belief at all times material hereto, issued a policy of insurance that insured BARRIERE CONSTRUCTION CO., L.L.C.

I.

Defendants herein are jointly and in solido liable and indebted unto Petitioner for such damages as are reasonable in the premises, including past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of earnings, future loss of earning capacity, loss of consortium, and permanent disability to the body, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings, for the following to-wit:

II.

That on or about July 12, 2021, Plaintiff **JULIET JEFFERSON** was a pedestrian at or near 1761 North Broad Street, New Orleans, Louisiana, when suddenly and without warning, she fell into a sinkhole negligently left by **BARRIERE CONSTRUCTION CO, L.L.C.**, in the course

VERIFIED
Jovan Gibson
2022 MAY 16  P 12:33

E-Filed                             EXHIBIT 1

Case 2:22-cv-02050-CJB-JVM Document 1-2 Filed 07/05/22 Page 2 of 14

2022-04306

FILED
2022 MAY 16 P 12:13
CIVIL DISTRICT COURT
Section 13

of their construction project, the RR004 – Bayou St. John, Fairgrounds, Seventh Ward Group B project.

III.

That Defendants knew or should have known of the condition in the exercise of reasonable care overseeing a construction project, as this was an active construction site with multiple workers along a busy road. Moreover, Plaintiff specifically avers that the Defendants created the condition either through the acts of their employees, in their negligent maintenance of the area, and/or in their negligent method of operation. Defendants should have corrected the condition and/or warned the Plaintiff of its existence.

IV.

That Defendant, **BARRIERE CONSTRUCTION CO., L.L.C.**, is the owner, operator, possessor, and/or custodian of the construction project encompassing the location of the incident at 1761 North Broad Street, New Orleans, Louisiana, the RR004 – Bayou St. John, Fairgrounds, Seventh Ward Group B project, which includes the specific area where the incident occurred in this matter. At all times pertinent to this litigation, the road surface, sidewalk surface, and ground conditions of the site in question were fully within Defendant's custody and control.

V.

That upon information and belief, Defendant **ABC INSURANCE COMPANY** is a foreign or domestic insurance company licensed to and doing business within the state of Louisiana, which issued to **BARRIERE CONSTRUCTION CO., L.L.C.**, a policy of liability insurance applicable to the above-referenced date and the premises where the incident occurred.

VI.

That upon information and belief, Defendant **123 INSURANCE COMPANY** is a foreign or domestic insurance company licensed to and doing business within the state of Louisiana, which issued to **BARRIERE CONSTRUCTION CO., L.L.C.**, a policy of liability insurance applicable to the above-referenced date and the premises where the incident occurred.

VII.

. That the defendants, **BARRIERE CONSTRUCTION CO., L.L.C., ABC INSURANCE COMPANY, and 123 INSURANCE COMPANY** are jointly, severally and in solido liable unto the Plaintiff, **JULIET JEFFERSON**, for the reasons set forth herein.

2022-04306

M

Section 13

FILED
2022 MAY 16 P 12:13
CIVIL
DISTRICT COURT

VIII.

That the proximate cause of the above-referenced accident was the negligence and fault of Defendant, **BARRIERE CONSTRUCTION CO, L.L.C.**, through its agents, employees, personnel, contract workers, and/or representatives for which the Defendants are strictly liable, on the basis of, and without limitation to, the following non-exclusive particulars:

a. creating an unreasonable risk of harm;

b. the risk of harm was reasonably foreseeable;

c. creating and/or having actual or constructive notice of the condition, prior to the incident;

d. failing to exercise reasonable care to remedy the condition;

e. failing to do what they should have done and see what they should have seen in order to avoid incidents of this type;

f. failing to properly maintain the safety of a construction site, including the road surface, sidewalks, and/or ground conditions to ensure that the conditions do not rise to the level of a hazard which could result in this type of incident;

g. failing to remove, take action, and take precautions concerning the aforesaid conditions or removing the dangerous and unsafe conditions of the road surfaces, sidewalks, and/or ground conditions;

h. failing to warn the public about the dangerous and unsafe conditions;

i. failing to adopt or enforce safety procedures;

j. failing to inspect and monitor the premises, including road surfaces, sidewalks, and/or ground conditions, for the aforesaid conditions or removing the dangerous and unsafe conditions and materials;

k. failing to properly train employees and/or supervisors;

l. failing to create a safe environment;

m. any and all other acts of negligence which may be proven at the trial of this matter.

IX.

That the proximate and direct cause of the above-referenced accident was the negligence and fault of Defendant, **BARRIERE CONSTRUCTION CO., L.L.C.**, through respondeat superior and/or through its direct negligence which includes but is not limited to the following non-exclusive particulars:

E-Filed

Case 2:22-cv-02050-CJB-JVM  Document 1-2  Filed 07/05/22  Page 4 of 14

2022-04306

FILED
2022 MAY 16  P 12:13
CIVIL DISTRICT COURT


Section 13

1. failure to establish adequate rules, regulations, and procedures for its hired workers;
2. allowing inexperienced or untrained agents, servants, contractors, lessors, or employees to work at the site made subject of this lawsuit;
3. failure to adequately and effectively supervise its contractors, lessors, and/or employees;
4. failure to properly secure the construction site;
5. failing to properly alert Petitioner to hazardous conditions;
6. failure to remedy the hazardous condition;
7. any and all other acts of negligence which may be proven at the trial of this matter.

X.

That the aforesaid accident and consequent injuries were directly and proximately caused by the defective condition of the road surface, sidewalk surface, and/or ground conditions, for which the named defendants **BARRIERE CONSTRUCTION CO., L.L.C., ABC INSURANCE COMPANY, and 123 INSURANCE COMPANY** are strictly liable under the laws of Louisiana on the basis of, and without limitation to, the fact that a sinkhole on defendants' premises created an inherently dangerous, unduly hazardous, unsafe condition, which was not and could not have been anticipated by the petitioner, and was in no way open or obvious.

XI.

That, as a direct and proximate result of the fault and/or negligence of the defendants, Petitioner, **JULIET JEFFERSON** has suffered damages including, but not limited to, the following non-exclusive particulars:

a. pain and suffering (past, present, and future);
b. mental anguish and emotional distress (past, present, and future);
c. loss of enjoyment of life (past, present, and future);
d. medical expenses (past, present, and future);
e. loss of wages (past, present, and future);
f. impairment of earning capacity (past, present, and future); and
g. any and all other damages to be set forth at the time of trail of this matter.

XII.

That, upon information and belief, at all times material hereto, **BARRIERE CONSTRUCTION CO., L.L.C.,** had a policy of insurance with **ABC INSURANCE**

Case 2:22-cv-02050-CJB-JVM  Document 1-2  Filed 07/05/22  Page 5 of 14

2022-04306

FILED
2022 MAY 16  P 12:13

CIVIL
DISTRICT COURT

Section 13

COMPANY on the date of this accident, which said policy provided coverage for the type of loss sued upon herein, thus rendering the said defendant, **ABC INSURANCE COMPANY**, liable unto Petitioner with the other named Defendants. As a result, **ABC INSURANCE COMPANY** is being sued directly and is a named defendant herein pursuant to La. R.S. 22:1269.

XIII.

That, upon information and belief, at all times material hereto, **BARRIERE CONSTRUCTION CO., L.L.C.**, had a policy of insurance with **123 INSURANCE COMPANY** on the date of this accident, which said policy provided coverage for the type of loss sued upon herein, thus rendering the said defendant, **123 INSURANCE COMPANY**, liable unto Petitioner with the other named Defendants. As a result, **123 INSURANCE COMPANY** is being sued directly and is a named defendant herein pursuant to La. R.S. 22:1269.

XIV.

Petitioner was free from any negligence with respect to these claims against Defendants.

XV.

Petitioner has not been compensated for the damages sustained as a result of the accident herein sued upon.

**WHEREFORE**, Petitioner prays that Defendants be duly cited and served with a copy of this petition and, after all due proceedings are had, there be a judgment in favor of Petitioner and against the Defendants, **BARRIERE CONSTRUCTION CO., L.L.C., ABC INSURANCE COMPANY, and 123 INSURANCE COMPANY**, individually, jointly and in solido in amounts as are reasonable under the circumstances, including past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of past earnings, loss of future earning capacity, permanent disability of the body, and penalties and attorney's fees, together with legal interest thereon from date of judicial demand, until paid, and for all costs of these proceedings.

Petitioners further reserve the right for a trial by jury and pray for all general and equitable relief.

**\*\*SIGNATURE BLOCK AND SERVICE INSTRUCTIONS ON FOLLOWING PAGE\*\***

E-Filed

2022-04306

**M**

Section 13

FILED
2022 MAY 16 P 12:13
CIVIL
DISTRICT COURT

Respectfully submitted,

**WRIGHT & GRAY**

Daryl A. Gray, LA Bar No. 34225
Eric A. Wright, LA Bar No. 26149
201 St. Charles Avenue, Suite 2710
New Orleans, LA 70170
Telephone: (504) 500-0000
Facsimile: (504) 324-0445
daryl@wpglawfirm.com
eric@wpglawfirm.com
***ATTORNEYS FOR PETITIONER***

PLEASE SERVE:

1. BARRIERE CONSTRUCTION CO., L.L.C.
   Through its registered agent:
   Corporation Services Company
   501 Louisiana Avenue
   Baton Rouge, LA 70802

<u>PLEASE HOLD SERVICE ON ABC INSURANCE COMPANY AND 123 INSURANCE COMPANY AT THIS TIME</u>

E-Filed

2022-04306

**M**
Section 13

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

SUIT NO.                                                              DIVISION " "

JULIET JEFFERSON

VERSUS

BARRIERE CONSTRUCTION CO., L.L.C., ABC INSURANCE COMPANY, and
123 INSURANCE COMPANY

FILED: _____     DEPUTY CLERK: _____

## REQUEST FOR NOTICE OF TRIAL AND OF SIGNING OF JUDGMENT AND ORDER

Pursuant to Article 1572 of the Louisiana Code of Civil Procedure, petitioner hereby requests written notice of the date set for trial of the above numbered and entitled cause, or of the date set for trial of any pleadings or motions therein, at least ten (10) days before any trial date.

Petitioner also requests notice of signing of any final judgment, the rendition of any interlocutory order or judgment or of any order of judgment refusing to grant a new trial, in said cause as provided by Articles 1913 and 1914 of the Louisiana Code of Civil Procedure.

Respectfully submitted,

WRIGHT & GRAY

*/s/ Daryl A. Gray/*

Daryl A. Gray, LA Bar No. 34225
Eric A. Wright, LA Bar No. 26149
201 St. Charles Avenue, Suite 2710
New Orleans, LA 70170
Telephone: (504) 500-0000
Facsimile: (504) 324-0445
daryl@wpglawfirm.com
eric@wpglawfirm.com
*ATTORNEYS FOR PETITIONER*

E-Filed

2022-04306

**M**
Section 13

FILED
2022 MAY 16  P 12:13
CIVIL
DISTRICT COURT

CIVIL DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO.                                                                                             DIVISION " "

## JULIET JEFFERSON

### VERSUS

### BARRIERE CONSTRUCTION CO., L.L.C., ABC INSURANCE COMPANY, and 123 INSURANCE COMPANY

FILED: _____  DEPUTY CLERK: _____

### PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

*Please serve with petition for damages*

NOW COMES, through undersigned counsel, plaintiff **JULIET JEFFERSON**, who propounds the following discovery requests to defendant **BARRIERE CONSTRUCTION CO. L.L.C.**, to be answered separately and fully in writing, under oath, in accordance with Louisiana Rules of Civil Procedure.

In answering these requests, please furnish all information which is available to you, including information in the possession of your attorneys, investigators for your attorneys, and all other persons and entities acting in your interest or on your behalf, and not merely such information known of your own personal knowledge. If you cannot answer the following requests in full, after exercising the due diligence to secure the information, so state, and answer to the extent you are able to do so, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

When answering these requests, be certain to follow the definitions and instructions on the following pages.

### DEFINITIONS

A. The term "communication" means, without limitation, any oral, written, or electronic transmissions of information, demands, statements, or questions, including but not limited to, conversations, meetings, telephone calls, discussions, "e-mail" transmissions, voicemail, telegrams, telecopies, facsimiles, telexes, conferences, writings, letters, memoranda, notes, messages, or documents.

B. "Document" or "documents" means any writing of any kind, including originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), including, but without limitation, correspondence, records, memoranda, notes, desk calendars, diaries, agreements, tables, statistics, letters, telegrams, minutes, contracts, reports, labels, studies, checks, invoices,

E-Filed

Case 2:22-cv-02050-CJB-JVM   Document 1-2   Filed 07/05/22   Page 9 of 14

2022-04306

FILED
2022 MAY 16  P 12:13
CIVIL
DISTRICT COURT

statements, receipts, returns, warranties, guaranties, summaries, pamphlets, books, prospectuses, interoffice and intra-office communication, offers, notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, magazines, publications, printed matter, photographs, computer printouts, teletypes, cables, telefax, bills, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, tapes, tape recordings, transcripts, graphic or oral records of representations of any kind, and electronic, mechanical or electric records or representations of any kind, of which you have knowledge, or which are now or were formerly in your actual or constructive possession, custody, or control.

C. The terms "identify," "identification," "describe," "description," and "state":

1) When used in reference to an individual, mean to state his full name, present or last known residence, telephone number, occupation, and business affiliation and business address;

2) When used in reference to a corporation, mean to state its full name, its state of incorporation, and the address and phone number of its place of business(es);

3) When used in reference to a person other than an individual or corporation, mean to state its official name, its organizational form and its address;

4) When used in reference to a document, mean to state the following with respect to the document: type, date, author, addressee, exact name and title, its present location, any serial or identifying numbers, the name and address of its custodian and the substances of the contents thereof. In lieu of identifying any document, copies thereof may be furnished;

5) When used in reference to an agreement or contract, mean to state the names of each party to the agreement or contract, the date on which it was entered into, the place where it was confected, its terms and/or conditions, its present location, the name and address of its custodian, and the substance of the contents thereof. If the agreement or contract has been amended, this must be stated and the above information furnished on each such amendment. In lieu of identifying any agreement or contract, copies thereof may be furnished;

6) When used in reference to any act, occurrence, occasion, meeting transaction, or conduct ("act"), mean to state the event or events constituting such act, its location, the date and persons participating, present or involved, and the documents relating or referring in any way thereto;

7) When used in reference to a communication, mean to state the following with respect to the communication: identify every person participating in or present during the communication, the place(s) where the communication was made or received, its date, its substance and subject matter, and the method and manner by which the communication was accomplished.

D. The term "person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, department, and other units therein, and shall include, but not be limited to, a public or private corporation, partnership, firm, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau, or department, or any other business or legal entity.

E. The term "representative" means any and all agents, employees, servants, officers, directors, shareholders, attorneys, investigators, contractors, subcontractors, or other persons acting or purporting to act on behalf of the person in question.

2022-04306

FILED
2022 MAY 16  P 12:13
CIVIL
DISTRICT COURT

F. The terms "you" and "yours" shall mean the party to whom these written discovery requests are directed, including, without limitation, any representative thereof, or anyone acting or purporting to act on their behalf, for any purpose whatsoever.

## INSTRUCTIONS

A. Unless the text clearly requires otherwise, you shall interpret:

1) The singular form of a word to include the plural and vice versa;

2) The conjunctive "and" to include the disjunctive "or" and vice versa;

3) All pronouns to apply to the male, female and non-binary genders;

4) The word "any" to include the word "all" and vice versa; and

5) The past tense of a word to include the present tense and vice versa.

B. If you assert that a request is objectionable, state your objection clearly and specifically identify which parts of the request, or the responses they require, are objectionable and why.

C. If you assert part of a request is objectionable, respond to those remaining parts of the request to which you do not object.

D. If you choose to respond to a request by producing documents, clearly indicate to which request and subparagraph the documents are responsive. If you have already produced documents, which are responsive to a request, identify the documents and the request and subparagraph to which they respond and include the documents' Bates numbers, if any.

E. If you cannot answer any portion of any of the following requests in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

F. If you claim the attorney-client privilege, work-product privilege or any other privileges as the basis for failing to answer a request, respond to that part of each such request that, in your view, does not contain allegedly privileged communications or information. For each request, or portion thereof, for which you claim a privilege, describe the factual basis for your claim of privilege.

## PLAINTIFF'S INTERROGATORIES

**INTERROGATORY NO. 1:**

Please state the name, address, telephone number, and relationship to you of each person who prepared or assisted in the preparation of the responses to these Interrogatories. (It is not necessary to identify anyone who simply typed or reproduced the responses.)

**INTERROGATORY NO. 2:**

Identify your correct legal entity and state the date on which such entity was formed, the State of incorporation, the name(s) and address(es) of all officers, directors, general partners, limited partners, and all other parties with any financial interest in your organization,

BARRIERE CONSTRUCITON CO., L.L.C.

FILED
2022 MAY 16 P 12:13
CIVIL
DISTRICT COURT

M
Section 13

### INTERROGATORY NO. 3:

Please identify any policy(ies) of insurance that provided or possibly provided coverage to/for BARRIERE CONSTRUCTION CO., L.L.C. and/or the construction site/project made the subject of this lawsuit, specifically the premises at or around 1761 North Broad Street, New Orleans, Louisiana, in effect on July 12, 2021, including, but **NOT** limited to, any policy of insurance associated with the RR004 – Bayou St. John, Fairgrounds, Seventh Ward Group B construction project. For each policy, please state:

a. the kind or type of coverage;

b. the name and address of the insurance company;

c. the name, address, and telephone number of each named insured;

d. the policy number;

e. the limits of coverage for each type of coverage contained in the policy;

f. whether any reservation of rights, controversy, or coverage dispute exists between you and the insurance company, and if so, the nature of this dispute; and

g. the name, address, and telephone number of the custodian of the policy.

### INTERROGATORY NO. 4:

Please identify all contracts of insurance that provide(d) or possibly provide(d) coverage, in effect on July 12, 2021, for BARRIERE CONSTRUCTION CO., L.L.C., and/or the construction site/project made the subject of this lawsuit (RR004 – Bayou St. John, Fairgrounds, Seventh Ward Group B construction project), and more specifically the premises at or around 1761 North Broad Street, New Orleans, Louisiana, and state whether each contract of insurance includes a rider for excess, umbrella, blanket, or any other liability coverage.

### INTERROGATORY NO. 5:

Please state whether there exists any question or controversy between BARRIERE CONSTRUCTION CO., L.L.C. and any insurer as to whether any policy of insurance identified above affords coverage to BARRIERE CONSTRUCTION CO., L.L.C. and/or the construction site/project made the subject of this lawsuit (RR004 – Bayou St. John, Fairgrounds, Seventh Ward Group B construction project), and more specifically the premises at or around 1761 North Broad Street, New Orleans, Louisiana.

### INTERROGATORY NO. 6:

Please identify the name(s) and title(s) of all employees, subcontractors, and/or contract employees working for BARRIERE CONSTRUCTION CO., L.L.C. or on its behalf at the

Case 2:22-cv-02050-CJB-JVM Document 1-2 Filed 07/05/22 Page 12 of 14
2022-04306

FILED
2022 MAY 16 P 12:13
CIVIL
DISTRICT COURT

M
Section 13

E-Filed

construction site/project made the subject of this lawsuit (RR004 – Bayou St. John, Fairgrounds, Seventh Ward Group B construction project), and more specifically the premises at or around 1761 North Broad Street, New Orleans, Louisiana, on the day of the incident in question, including, but not limited to, managers, assistant managers, foremen, workmen, inspectors, engineers, contractors, flagmen, security, and/or any laborers.

**INTERROGATORY NO. 7:**

Please identify the names and titles of any national, regional, and/or area supervisors, managers, inspectors, engineers, risk managers or directors that have authority or control over the employees, subcontractors, and/or contract employees working at the construction site/project made the subject of this lawsuit (RR004 – Bayou St. John, Fairgrounds, Seventh Ward Group B construction project), and more specifically the premises at or around 1761 North Broad Street, New Orleans, Louisiana, on July 12, 2021, and for a period of **FIVE (5)** years prior to July 12, 2021.

**INTERROGATORY NO. 8:**

Please state the legal names of any and all entities or persons with an ownership interest in the BARRIERE CONSTRUCTION CO., L.L.C., made subject of this lawsuit, and for each such person(s) or entity(ies), please state:

    a. the full legal name of the person or entity;

    b. the address of each such person or entity;

    c. if a corporate entity, please identify the date and State of incorporation, and the name(s) and address(es) of all officers, directors, general partners, and/or limited partners.

**INTERROGATORY NO. 9:**

Are you or any person acting on your behalf, or any other person, in possession of any photographs or motion pictures of the Plaintiff, Juliet Jefferson, or the scene of the accident?

**INTERROGATORY NO. 10:**

Please list, identify, and describe the nature and content of each document and/or exhibit which you intend to use in the trial of this case.

**INTERROGATORY NO. 11:**

Please state whether BARRIERE CONSTRUCTION CO., L.L.C. has obtained statements in any form, from any person, related to the subject incident. If so, please provide the current

Case 2:22-cv-02050-CJB-JVM Document 1-2 Filed 07/05/22 Page 13 of 14

2022-04306

FILED
2022 MAY 16 P 12:13
CIVIL
DISTRICT COURT

**M** Section 13

custodian of said statement. (We are not asking you to produce it, just acknowledge whether or not it exists.)

### INTERROGATORY NO. 13:

Please state whether BARRIERE CONSTRUCTION CO., L.L.C. contends that any third party is responsible for the damages being claimed by the Plaintiff, Ms. Jefferson. If so, please provide the name and last known address of said person or entity, and the grounds upon which you claim that they are responsible.

## PLAINTIFF'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

Please produce a certified copy of each policy of insurance identified in your answers to interrogatories, including all coverages and the respective limits, and all applicable policy language.

### REQUEST FOR PRODUCTION NO. 2:

Please produce a copy of all other documents referenced or relied upon to prepare the answers to the above interrogatories.

### REQUEST FOR PRODUCTION NO. 3:

To the extent not produced in response to the above requests for production, please produce a certified copy of all policies of all insurance policies, including, liability, excess, blanket coverage, and umbrella insurance policies in effect on July 12, 2021, providing coverage to BARRIERE CONSTRUCTION CO., L.L.C., and/or the construction site/project made the subject of this lawsuit (RR004 – Bayou St. John, Fairgrounds, Seventh Ward Group B construction project), and more specifically the premises at or around 1761 North Broad Street, New Orleans, Louisiana.

### REQUEST FOR PRODUCTION NO. 4:

Please produce a copy of any motion pictures or photographs in your possession identified in your response to Interrogatory No. 9.

### REQUEST FOR PRODUCTION NO. 5:

Please produce a copy of each document and/or exhibit identified in your response to Interrogatory No. 10.

### REQUEST FOR PRODUCTION NO. 6:

Please produce a copy of any information and/or document identified in your response to Interrogatory No. 11.

Case 2:22-cv-02050-CJB-JVM Document 1-2 Filed 07/05/22 Page 14 of 14
2022-04306

**FILED**

2022 MAY 16 P 12:13

CIVIL DISTRICT COURT

Section 13

These discovery requests are deemed continuing so as to require supplemental responses with respect to any and all requests, and particularly with regard to any exhibits or demonstrative evidence to be used at trial.

WRIGHT & GRAY

*/s/ Daryl A. Gray*

Daryl A. Gray, LA Bar No. 34225
Eric A. Wright, LA Bar No. 26149
201 St. Charles Avenue, Suite 2710
New Orleans, LA 70170
Telephone: (504) 500-0000
Facsimile: (504) 324-0445
daryl@wpglawfirm.com
eric@wpglawfirm.com
***ATTORNEYS FOR PLAINTIFF***

PLEASE SERVE WITH PETITION FOR DAMAGES