UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JULIET JEFFERSON                                        CIVIL ACTION

VERSUS                                                     No. 22-2050

BARRIERE CONSTRUCTION                  SECTION: "J"(1)
COMPANY LLC, ET AL.

## ORDER & REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 6)** filed by Plaintiff, Juliet Jefferson, and opposition thereto (Rec. Doc. 8), filed by Defendant, Barriere Construction Co., L.L.C. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This matter arises from an accident that occurred on July 12th, 2021 when Plaintiff, Juliet Jefferson allegedly fell into a sinkhole due to the negligence of Defendant, Barriere Construction Company ("Barriere") while crossing a poorly-marked construction site on North Broad Street in New Orleans. (Rec. Doc. 6, at 2). Plaintiff filed suit in the Civil District Court of the Parish of Orleans on May 16th, 2022 against Barriere and against ABC Insurance Company and 123 Insurance Company, the fictitious names of Barriere's unidentified insurers. Barriere filed a Notice of Removal, alleging that there is complete diversity between all parties and an amount in controversy greater than $75,000 as is required by 28 U.S.C. § 1332(a). Plaintiff has filed a motion to remand, arguing that Barriere removed this action

before all necessary parties were identified and that these parties, once identified, will likely destroy complete diversity.

## LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The Court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

Completely diversity of citizenship exists when "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). A natural person who is a citizen of the United States and domiciled in a state is a citizen of that state. *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). For purposes of diversity jurisdiction, a corporation is a citizen of (1) its state of incorporation and (2) the state in which its principal place of business is located. 28 U.S.C. § 1332(c)(1). The citizenship of limited liability companies, limited partnerships, and other unincorporated associations or entities is determined by the

citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

In addition to complete diversity, § 1332(a) requires that the amount in controversy exceed $75,000. When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). If the removing carries this burden, the plaintiff can defeat diversity jurisdiction "only by showing to a 'legal certainty' that the amount in controversy does not exceed $75,000." *Id.* at 869.

## DISCUSSION

Plaintiff argues that this action should be remanded because Barriere *may* identify other defendants who *may* be non-diverse. Plaintiff argues that Barriere, as the removing party, bears the burden of proof that there is complete diversity, and that they have not met this burden, especially because all ambiguities must be resolved in favor of remand. (Rec. Doc. 6, at 4). Plaintiff further argues that Barriere prematurely removed this action "because all necessary parties have not yet been identified despite efforts from plaintiff to do so." *Id.* Plaintiff alleges that Barriere has not identified the name of the insurance company or companies and argues that "at least one of these parties is very likely to be a Louisiana resident who would destroy complete diversity." (Rec. Doc. 6, at 7). Plaintiff also alleges that Barriere has not identified the names of any employees or subcontractors working at the site of the

3

accident or any managers or directors with control over said employees. Plaintiff again asserts that that one of these individuals is more than likely domiciled in Louisiana as the incident occurred at a local construction site in Orleans Parish. (Rec. Doc. 6, at 6).

Plaintiff also alleges that Barriere is in violation of Federal Rule of Civil Procedure 33(b)(2), stating that she "as not received any responses to her requests at this time" to produce evidence establishing the identities of other potentially liable parties in this matter. *Id.* at 6. However, since the filing of the instant motion to remand, Plaintiff has also filed a Motion to Compel Discovery Responses (Rec. Doc. 9) which Magistrate Judge Van Meerveld denied as moot, stating that Barriere has since responded to Plaintiff's discovery requests. (Rec. Doc. 12). Plaintiff has not filed any subsequent motion to contest the sufficiency of Barriere's discovery responses, and therefore this Court must assume that Plaintiff has now been informed of the identities of the relevant parties and their citizenships.

Plaintiff asks this Court to consider *Herrero v. Sears, Roebuck & Co.* in which the court granted remand when the plaintiff's original complaint fictitiously named a non-diverse John Doe defendant. No. 15-2162, 2015 WL 6159141, at *6 (E.D. La. Oct. 20, 2015). However, unlike in this case, the court in *Herrero* had already granted a motion to amend the complaint, adding in the identity of the previously fictitious defendant. *Id.* Here, Plaintiff has not filed an amended complaint naming any new non-diverse parties.

4

Defendant, Barriere argues remand should be denied based on the clear language of 28 U.S.C. § 1441(b). Section § 1441(b) explicitly states that "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." As this Court and others in the Fifth Circuit have repeatedly held, a plain reading of the statute supports a denial of the motion to remand based only on the hypothetical citizenship of unnamed defendants. *See Breaux v. Goodyear Tire & Rubber Co.*, No. 15-837, 2015 WL 4635566, at *2 (E.D. La. Aug. 3, 2015); *Brooks v. Cox Communications, LLC*, No. 18-376, 2018 WL 6445178, at *2 (E.D. La. Dec. 10, 2018); *and see Dixon v. Greyhound Lines, Inc.*, No. 13-179, 2013 WL 4766797, at *2-3 (M.D. La. Sept. 4, 2013). If non-diverse defendants are later identified, and if Plaintiff successfully amends her complaint naming these new parties, Plaintiff may file another motion to remand this action. However, this Court cannot remand a case based on the speculative citizenships of fictitious parties. Neither party disputes that the amount in controversy is greater than $75,000, and Defendant, Barriere is an LLC whose sole member, CRH Americas Materials, Inc. is a Delaware Corporation with its principal place of business in Georgia. (Rec. Doc. 4). Therefore, there is complete diversity between the two currently named parties.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(Rec. Doc. 6)** is **DENIED**.

New Orleans, Louisiana, this 26th day of January, 2023.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE