UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JULIET JEFFERSON | * | CIVIL ACTION NO. 22-2050 |
| | * | |
| | * | SECTION: "P"(1) |
| VERSUS | * | |
| | * | JUDGE DARRYL JAMES PAPILLION |
| BARRIERE CONSTRUCTION CO., | * | |
| L.L.C., ABC INSURANCE CO., AND 123 | * | MAGISTRATE JUDGE |
| INSURANCE CO. | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

This is a personal injury action. Before the Court is the Defendant's Motion to Compel Response to Request for Production of Documents. (Rec. Doc. 43). The parties' dispute concerns medical authorizations. Because the requested medical records are likely to provide relevant information, and are proportional to the needs of the case, the Motion to Compel is GRANTED. Within seven days, plaintiff shall produce executed copies of the medical authorizations without any date limitation.

Background

On July 12, 2021, Ms. Jefferson was injured when she fell into what she describes as a sinkhole at a construction site located at 1761 North Broad Street in New Orleans. She alleges that defendant Barriere Construction Co., L.L.C., was responsible for the construction project, including the road surface, sidewalk surface, and ground conditions. Ms. Jefferson filed suit in state court and the matter was removed on July 5, 2022. Yet trial in this matter has never been set. The present dispute concerns Barriere's request that Ms. Jefferson sign and produce medical authorizations. Ms. Jefferson has only executed some of the 28 or 29 authorizations requested, and she limited those to records after January 1, 2017. Barriere submits that Ms. Jefferson has a long history of accidents with injuries that have likely required medical treatment.

1

Ms. Jefferson complains that the voluminous requests are intended to harass her. She submits that she only identified seven of the providers in her discovery responses. She insists that her lifetime medical history is irrelevant. For example, she says that Barriere seeks medical records from the hospital where she gave birth in 1986.

Barriere submitted a reply memorandum.[1] It explains that the medical providers listed on the medical authorizations are providers identified by Ms. Jefferson in discovery or identified in her medical records. For example, Barriere points out that Ms. Jefferson's records from Pontchartrain Bone & Joint center include treatment notes from the Movement Science Center showing that she treated there for back pain in 2014. Barriere submits that Ms. Jefferson's Pontchartrain records also show she was referred to Magnolia Physical Therapy for lower back pain in September 2017 and that records from Touro Medical Center show that she presented to the emergency room with complaints of lower back pain in May 2019 and was referred to St. Thomas Community Health Center for further treatment. Barriere insists it is entitled to discover medical records reflecting Ms. Jefferson's preexisting back pain.

Law and Analysis

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Id. The Rule requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties'

---

[1] Although Barriere sought leave to file a reply after the October 13, 2023, deadline (Rec. Doc. 45), the Court granted leave so that Barriere could address where it obtained the names of the medical providers.

resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

    2. *Production of Signed Medical Authorizations*

Pursuant to Federal Rule of Civil Procedure 34, a party may request another party to produce designated documents "in the responding party's possession, custody, or control." Fed. R. Civ. Proc. 34(a)(1). Thus, courts have held that a plaintiff can be compelled to execute medical and employment authorizations because the medical and employment records are within their control. Lischka v. Tidewater Servs., Inc., No. CIV. A. 96-296, 1997 WL 27066, at *2 (E.D. La. Jan. 22, 1997) (quoting Smith v. Maryland Cas. Co., 42 F.R.D. 587, 589 (E.D. La. 1967)) (second and third alteration in original) ("[F]or purposes of Rule 34, plaintiffs are in control of records that can be released via an authorization, 'because, by either granting or withholding [their] consent, [they] may determine who shall have access to them.'"); see Wymore v. Nail, No. 5:14-CV-3493, 2016 WL 1452437, at *3 (W.D. La. Apr. 13, 2016) (ordering plaintiff to sign at HIPAA authorization release form to allow access to plaintiff's medical records); Bosarge v. Penrod Drilling Co., No. CIV.A. 87-5716, 1988 WL 92043, at *1 (E.D. La. Aug. 30, 1988) (affirming magistrate judge's order requiring the plaintiff to execute certain documents authorizing release of information from the Internal Revenue Service, the Social Security Administration, and previous employers and health care providers).

    3. *Authorizations at Issue Here*

The Court finds that the medical authorizations sought by Barriere are proportional to the needs of the case. First, there is no dispute that Ms. Jefferson has put her physical and mental condition at issue. Further, the requested authorizations are limited to specific medical providers that were identified by Ms. Jefferson in discovery or that are identified in the medical records that

Barriere has already obtained. Although a temporal limitation might be appropriate in the typical case, the Court finds it would not be appropriate here. Ms. Jefferson's discovery responses identify seven accidents besides the one at issue here that Ms. Jefferson has suffered in the last ten years. She has filed five other lawsuits related to prior accidents and/or injuries in that time period. For the injuries alleged in this case alone, her discovery responses identify 14 treating medical providers. Barriere's concern that Ms. Jefferson has a long history of accidents with injury that may reflect preexisting conditions or subsequent injuries is well supported. Moreover, there is reason to believe that Ms. Jefferson's substantive discovery responses may be incomplete. For example, in response to an interrogatory asking her to identify the physicians, therapists, counselors, or chiropractors she treated with in the ten years prior to the accident, she identifies only her primary care physician. Yet as the medical records described in Barriere's reply reveal, Ms. Jefferson was treating for back pain with multiple facilities in 2014, 2017, and 2019. The Court finds that the requested medical authorizations seek records that are relevant and proportional to the needs of the case and that Ms. Jefferson must execute them.

## Conclusion

Because the requested medical authorizations seek records that are relevant and proportional to the needs of the case, Ms. Jefferson must execute them. Accordingly, Barriere's Motion to Compel Response to Request for Production of Documents (Rec. Doc. 43) is GRANTED. Within seven days, Ms. Jefferson shall produce executed copies of the medical authorizations without any date limitation.

New Orleans, Louisiana, this 18th day of October, 2023.

_____
Janis van Meerveld
United States Magistrate Judge