UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JULIET JEFFERSON** | * | **CIVIL ACTION NO. 2:22-cv-02050** |
| | * | |
| **VERSUS** | * | **JUDGE: CARL BARBIER** |
| | * | |
| **BARRIERE CONSTRUCTION CO., L.L.C., ABC INSURANCE COMPANY, and 123 INSURANCE COMPANY** | * | **MAGISTRATE: JANIS VAN MEERVELD** |
| | * | |
| | * | **JURY DEMAND** |
| | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**REPLY IN SUPPORT OF MOTION FOR SANCTIONS
FOR CONTEMPT AND/OR SPOLIATION**

**MAY IT PLEASE THE COURT**:

Defendant, Barriere Construction Company, LLC ("Barriere"), submits the following Reply Memorandum in support of its Motion for Sanctions for Contempt and/or Spoliation and in response to Plaintiff's untimely Opposition. As discussed below, Barriere objects to Plaintiff's untimely Opposition. Notwithstanding, Plaintiff's claim that she was "unsure of whether she had the requested photographs on her personal cell phone" is clearly belied by video footage of her testimony attached hereto, wherein Plaintiff affirmatively states that the photographs at issue were on her phone at the time of her deposition.[1]

**I.   Plaintiff's Opposition is Untimely**

**Barriere objects to Plaintiff's untimely Opposition and requests that this Court strike it from the record and rule on the Motion for Contempt as if it were unopposed as it was at the time of hearing.** According to Local Rule 7.5, Plaintiff's Opposition was due no later than eight days before the noticed submission date, or on November 7, 2023. Barriere filed the instant

---

[1] Exhibit 3, Excerpt of Plaintiff's Video Deposition Testimony, delivered to the Court and provided to Plaintiff.

1

Motion on October 13, 2023,[2] and this Court Noticed the submission date of November 15, 2023, the same day.[3] Thus, Plaintiff had twenty-five days between notice of the submission date and the opposition deadline, which is clearly more than enough time to timely file her Opposition. Instead, Plaintiff chose to wait until the evening of November 13, 2023, five days *after* the deadline and less than forty-eight hours before the original November 15, 2023 hearing on Barriere's motion. Plaintiff did not bother to request an extension of time within which to oppose the motion or leave to file her motion after the deadline. She also failed to explain the untimeliness of her motion or attempt to establish any excusable neglect.[4]

## II. Plaintiff Had the Photographs at Issue During her Deposition

Notwithstanding, Plaintiff presents no argument or evidence to rebut Barriere's showing that Plaintiff violated her duty to cooperate in discovery and her acknowledged duty to preserve the evidence at issue, thereby prejudicing Barriere in its defense of this case. Instead, Plaintiff claims that she was "unsure of whether she had the requested photographs on her personal cell phone," without presenting any further evidence or argument.[5] This general statement is directly and specifically contradicted Plaintiff's testimony and the attached video of same, wherein **she admits that the photographs at issue were on her phone at the time of her testimony**.[6]

In her Opposition, Plaintiff contends that the photographs at issue "were of the scene of the accident after it had occurred." This conclusory statement is unpersuasive, as Plaintiff presents absolutely no evidence to establish what the undisclosed photographs depicted. This statement also shows that **Plaintiff and her counsel had, *and were familiar with*, photographs of the accident**

---

[2] R. Doc. 47.
[3] Notice of Electronic Filing Dated October 13, 2023.
[4] *See* Fed. R. Civ. P. 6(b), i
[5] R. Doc. 59, p. 1.
[6] R. Doc. 47-2, pp. 8-11; Exhibit A, Plaintiff Deposition Testimony Video excerpt.

Case 2:22-cv-02050-DJP-JVM   Document 65   Filed 11/15/23   Page 3 of 5

**scene that Barriere <u>never</u> had an opportunity review**. The destroyed cell phone photographs and related text messages included important metadata, ***including the date and time they were created <u>and the author</u>***, not to mention any discussions between Plaintiff and potential witnesses to this incident.

Importantly, Plaintiff never produced any information regarding undisclosed photographs or text messages before her deposition in January 2023. The fact that this important evidence was willfully and deliberately lost or destroyed after Plaintiff's deposition can only lead to one logical conclusion: that it was not only adverse to Plaintiff's case but so detrimental that Plaintiff was willing to destroy them despite an unequivocal agreement to preservation. Most obviously, the photographs could have depicted the sinkhole *before* the subject incident, which would establish that Plaintiff had notice and would certainly be adverse to Plaintiff's claim. The photographs also could have led to valuable eyewitnesses to this incident, whose testimony may have destroyed or undermined Plaintiff's claims. Therefore, Plaintiff's statement that it is "unfathomable" what adverse information the photographs could contain is nonsensical and should be disregarded.

For the reasons set forth above and , Barriere requests an Order from this Court (1) holding Plaintiff, Juliet Jefferson, in contempt of court for failing to comply with this Court's May 1, 2023, Order; (2) ordering Plaintiff to pay sanctions, as well as the fees and costs incurred by Barriere in filing the instant motion; (3) finding that Plaintiff spoliated evidence in bad faith; (4) imposing an adverse inference and jury instructions that all evidence that could have been obtained from the photographs, text messages, emails, and contact information for the individual(s) that took and/or provided the photographs at issue, would have been unfavorable to Plaintiff if it had not been disposed or destroyed; and (5) dismissing Plaintiff's claims against Barriere, with prejudice.

3

Respectfully Submitted,

**TAYLOR, WELLONS, POLITZ & DUHE, LLC**

*/s/ Jared A. Davidson*
JARED A. DAVIDSON (#32419)
jdavidson@twpdlaw.com
LAUREN DUNCAN KELLEY (#37105)
lkelley@twpdlaw.com
1555 Poydras Street, Suite 2000
New Orleans, Louisiana  70112
Telephone: (504) 525-9888
Fax:  (504)525-9899

*Counsel for Barriere Construction Company, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all known counsel of record in this proceeding by CM/ECF Electronic Filing System on this 14th day of November 2023.

          */s/ Jared A Davidson*
        TAYLOR, WELLONS, POLITZ & DUHE, LLC