UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JULIET JEFFERSON | * CIVIL ACTION NO. 22-2050 |
| | * |
| | * SECTION: "P"(1) |
| VERSUS | * |
| | * JUDGE DARRYL JAMES PAPILLION |
| BARRIERE CONSTRUCTION CO., | * |
| L.L.C., ABC INSURANCE CO., AND 123 | * MAGISTRATE JUDGE |
| INSURANCE CO. | * JANIS VAN MEERVELD |
| ************************************ | * |

ORDER AND REASONS

This is a personal injury action. Before the Court are the defendant's (1) Supplemental and Amending Motion in Limine to Exclude Expert Testimony of plaintiff's liability expert Jason Randle on the grounds that his expert report was not timely submitted (Rec. Doc. 104) and (2) defendant's Motion in Limine to Limit and Exclude Expert Testimony of Dr. Dietze, on the grounds that no initial expert report was submitted and the rebuttal report was not timely submitted (Rec. Doc. 101). Because plaintiff has failed to establish good cause for her delay as to the Randle report, IT IS ORDERED that the Supplemental and Amending Motion in Limine to Exclude Expert Testimony of Randle (Rec. Doc. 104) is GRANTED. Because the importance of the Dietze testimony outweighs the prejudice and plaintiff's failure to explain her delay, the Motion in Limine to Limit and Exclude Expert Testimony of Dr. Dietze (Rec. Doc. 101) is DENIED; however, plaintiff's counsel will be required to pay defendant's reasonable attorneys' fees as further provided herein.

Background

On July 12, 2021, Ms. Jefferson was injured when she fell into what she describes as a sinkhole at a construction site located at 1761 North Broad Street in New Orleans. She alleges that defendant Barriere Construction Co., L.L.C., was responsible for the construction project,

1

including the road surface, sidewalk surface, and ground conditions. Barriere was replacing a sewer line and submits that the sinkhole was caused by an unknown broken pipe outside its work area. Ms. Jefferson contends that Barriere was nonetheless responsible because the broken pipe was only two feet outside of where Barriere employees were cutting into existing terracotta pipes, including the broken pipe, to tie in new pipes. She submits that Barriere knew that heavy machinery was operating just two to three feet above the pipe and that sinkholes are prevalent in New Orleans.

Ms. Jefferson filed suit in state court and Barriere removed the matter on July 5, 2022. Barriere filed a Motion for Summary Judgment on July 3, 2023. In opposition to that motion, Ms. Jefferson submitted the affidavit of Jason Randle, a licensed professional engineer, who opined that the pipe break was the cause of the sinkhole and that "[m]ore likely than not, Barriere's actions caused the pipe to break . . . ." (Rec. Doc. 38-2, at 2). He also opined that "[i]t is likely that Barriere did not reasonably adhere to these safety standards." Id. He then cited some of the standards to which he apparently referred. Id. Barriere withdrew its Motion for Summary Judgment. On August 24, 2023, it issued a subpoena for records to Randle, seeking, among other things, his written report, exhibits used to support his opinions, his entire file, and copies of his qualifications.

On November 14, 2023, the District Court issued a Scheduling Order setting trial to begin on January 27, 2025. The Scheduling Order requires that plaintiff's expert reports be delivered by July 19, 2024; defendant's expert reports be delivered by August 19, 2024; and plaintiff's rebuttal reports be delivered by September 17, 2024. (Rec. Doc. 63, at 2).

In December 2023, Barriere moved to compel Randle to respond to the subpoena. Ms. Jefferson requested an additional 30 days for her expert to respond. On January 9, 2024, the Court ordered that Randle respond to the subpoena within 30 days. Email correspondence shows that Ms. Jefferson's counsel informed Randle of the ruling the following day and noted "so we'll need

the final report completed by then." (Rec. Doc. 104-3, at 5). A week before the deadline, Mr. Randle emailed Ms. Jefferson's counsel to confirm the report was still due on February 8, 2024. Id. at 4. On February 14, 2024, Ms. Jefferson's counsel replied that Mr. Randle should "respond to the subpoena partially and indicate that you will supplement with the final report. Our expert reports are not due to be exchanged for quite awhile so I do not anticipate it being an issue as long as defense receives something." Id. at 3. No final or even interim report was produced to Barriere at that time.

Then the July 19, 2024, deadline came and went without production of Randle's final report. More than a month later on August 23, 2024, Ms. Jefferson asked if Barriere would consent to an extension of the deadline. It would not. It filed a motion to exclude Randle's testimony on the basis that no timely expert disclosures and report had been submitted. Ms. Jefferson moved for an extension of the deadline. Eventually, on September 10, 2024, Ms. Jefferson produced Randle's final report.

Meanwhile, Ms. Jefferson did not produce summary expert disclosures for her treating physician Dr. Donald Dietze on July 19, 2024, either. Barriere timely produced the report of its medical expert Dr. Najeeb Thomas, who had performed an independent medical examination of Ms. Jefferson. On the day her rebuttal reports were due, Ms. Jefferson filed a motion for an extension of her rebuttal report deadline by two weeks to October 2, 2024. She produced Dr. Dietze's rebuttal report on October 2, 2024. The District Court referred the foregoing motions to the undersigned, and on October 31, 2024, the undersigned held a status conference. At that time, because the issues had developed since the time of the briefing, the Court ordered Barriere to file new motions to exclude or limit the testimony of Randle and Dr. Dietze. These new motions are now under consideration.

Law and Analysis

1. *Expert Report Deadlines*

Federal Rule of Civil Procedure 26(a)(2) requires that a party disclose the identity of any witness that will provide expert testimony under Federal Rules of Evidence 702, 703, or 705, at trial. Fed. R. Civ. P. 26(a)(2)(A). If the witness is retained to provide expert testimony, the disclosure must be accompanied by a written report signed by the expert and containing:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B). Witnesses, like treating physicians for example, are exempt from this requirement because they are not specially retained. But for such exempt witnesses who will nonetheless provide expert testimony, the party must disclose the identity of the witness and also state the subject matter on which the witness is expected to present expert evidence and a summary of the facts and opinions to which the expert is expected to testify. Id. R. 26(a)(2)(C); see id. advisory committee comments to the 2010 amendment. With treating physicians, courts have held that "any testimony not contained in medical records is more aptly considered expert testimony and subject to disclosure under Rule 26(a)(2)(C)." Moore v. DeJoy, No. CV 18-12270, 2022 WL 19263947, at *4 (E.D. La. Feb. 23, 2022). All these disclosures and reports must be produced at the time ordered by the Court. Id. R. 26(a)(2)(D).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Fifth Circuit considers four factors when determining whether a violation of the disclosure requirements of Rule 26 is harmless: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." Texas A&M Rsch. Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003). The same factors are considered when determining whether the Scheduling Order should be modified to for late submission of an expert report. See Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997).

2. *Randle Report*

There is no dispute that Ms. Jefferson failed to timely produce Randle's report in accordance with the Court's scheduling order.[1] Accordingly, his expert testimony must be excluded unless this failure was substantially justified or harmless. To make this determination, the Court will consider the importance of his testimony, the prejudice of including his testimony, the possibility of curing such prejudice with a continuance, and Ms. Jefferson's explanation for her delay. The court considers Ms. Jefferson's explanation first, then the remaining factors.

Ms. Jefferson's explanation is merely that she failed to meet the deadline "[d]ue to various circumstances, including difficulty in scheduling a 30(b)(6) deposition of Barriere's corporate representative." (Rec. Doc. 107, at 3). But email correspondence indicates that Barriere agreed in

---

[1] Barriere argues that Mr. Randle's July 2023 affidavit does not meet the requirements of Rule 26(a)(2)(B) and does not qualify as the required expert report. Ms. Jefferson does not appear to contend that the affidavit satisfies the requirements of Rule 26(a)(2)(B), although she does argue that the affidavit minimizes the prejudice to Barriere.

5

October 2023 to produce a corporate representative for deposition. (Rec. Doc. 85-1). Moreover, there is no evidence to support finding that Randle required the corporate testimony to render his opinions. Indeed, he rendered his final report without corporate testimony and confirmed he had enough information to prepare the report.[2] (Rec. Doc. 104-2, at 12). Although he agreed when asked by Ms. Jefferson's counsel if he would have liked to have seen such testimony, he also confirmed that he never reached out for that information. Id. at 28. Furthermore, there is no indication that Ms. Jefferson was actively seeking to schedule the corporate deposition. She has submitted no correspondence in this regard and she never filed a motion to compel. At oral argument, her counsel could proffer no evidence or argument to show that she had done so prior to the expert report deadline. The fact that Ms. Jefferson waited until over a month after her expert reports were due to request an extension from Barriere further supports the Court's conclusion that her failure to timely submit Randle's report is due entirely to counsel's neglect. This factor weighs heavily in favor of exclusion.

Next, Ms. Jefferson argues that Randle's testimony is of vital importance. She contends that neither side can present a full case without expert witnesses to explain the sewer line tie-in process, the formation of the sinkhole, the hazardous nature of the open construction site, and the safety standards that apply thereto. Barriere argues that Ms. Jefferson's failure to timely submit Randle's report belies this claim. If Randle's testimony was so important, it argues that she would have ensured he had what he needed to timely submit his report or have timely sought leave to amend the scheduling order. Indeed, the Fifth Circuit has held as much. In Geiserman v. MacDonald, it found the district court had not abused its discretion in refusing to modify the scheduling order, noting that plaintiff had not provided a valid reason justifying excusing him from

---

[2] In fact, the February 2024 correspondence suggests he would have been able to produce the report at that time with the information he had. And as Barriere points out, he had all of the information he relied on by November 2023.

the required deadlines. 893 F.2d 787, 792 (5th Cir. 1990). The court found that "[t]he claimed importance of expert testimony underscores the need for [plaintiff] to have timely designated his expert witness so that [defendant] could prepare for trial." Id. The court concluded that the importance "of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders." Id.

At oral argument, the parties addressed whether expert testimony was necessary for the jury to understand the issues in this case. The Court is convinced it is not. First, the Court notes that Barriere insists that it will not require an expert. Second, the Court finds that questions as to whether a reasonable contractor in Barriere's position could have foreseen the pipe break and/or done anything differently to prevent or mitigate the sink hole, does not require any technical expertise. Barriere's foreman will testify about what was done and what Barriere normally does at a job site. Although safety standards may come into play, the Court finds the jury will be capable of considering them, along with the foreman's testimony and the other evidence, without the guidance of an expert. The Court acknowledges, nonetheless, that it would aid Ms. Jefferson's case to present the testimony of an expert. The Court finds that the importance factor weighs somewhat against excluding the testimony, but it is not enough to turn the decision.

The next factors are prejudice and, if there is any prejudice, whether a continuance could cure it. Ms. Jefferson argues that Barriere has not been prejudiced because it already had notice that Randle would be called as an expert and, through the July 2023 affidavit, had information about Randle's opinions. She adds that Barriere now has Randle's report and Barriere has been able to depose Randle extensively. In any event, she submits, a continuance to give Barriere time to retain its own expert and providing additional time to prepare its case would cure any prejudice.

7

Barriere contends it would be significantly prejudiced if Randle was allowed to testify at trial. First, it points out that Randle's affidavit is an incomplete rendition of his opinions and does not include any of the other items required by Rule 26(a)(2)(B). Second, it submits that allowing Randle to testify would reward Ms. Jefferson for her lack of diligence and harm Barriere, who has diligently prepared its case in accordance with the rules. It argues that it has now spent significant time and resources to defend against Ms. Jefferson's unjustified failure to adhere to the Scheduling Order.

The Court agrees there is significant prejudice to Barriere who has been forced to respond to an expert report produced over seven weeks late. Although a continuance might take some of the pressure off, doing so would surely increase the cost of litigation to all as additional discovery is conducted. Further, it became clear at oral argument that Ms. Jefferson seeks a further opportunity to revise the Randle report. Her counsel suggested that Randle might need to address additional safety standards that were purportedly identified in the Rule 30(b)(6) deposition of Barriere. As noted, Ms. Jeffersons' counsel's neglect is the only apparent reason why this deposition was not conducted in time for Randle to consider it. Similarly, during a status conference where the undersigned found Ms. Jefferson would be allowed to use the late produced rebuttal life care plan of Kasey Crawford, her counsel sought permission to add the report of a never previously identified economic expert to address present value.

Furthermore, this is not the first time Ms. Jefferson has failed to comply with this Court's orders and the discovery obligations imposed by the Federal Rules of Civil Procedure. As noted above, the Kasey Crawford rebuttal life care plan was late, as was Dr. Dietze's rebuttal report (also addressed in this order).[3] As to Randle, it appears he was ready to produce the final report in

---

[3] And as discussed in the following section, plaintiff never filed a summary disclosure for Dr. Dietz's opinion testimony as required by the Federal Rules of Civil Procedure.

February 2024. But Ms. Jefferson's counsel instructed him **not** to disclose the final report in response to the subpoena as she had agreed to and as this Court had ordered in January 2024. Further, during Ms. Jefferson's deposition, an issue arose regarding photographs of the accident on her cell phone. Barriere's counsel requested that Ms. Jeffereson's counsel preserve and produce the photographs. Not only did Ms. Jefferson and her counsel fail to produce the obviously relevant photographs, but they failed to preserve them. See Def.'s Mo. to Compel, Rec. Doc. 47. The Court has strong concerns that Ms. Jefferson will continue to miss deadlines and modify her theories with regard to Randle, increasing the cost of litigation and keeping the resolution of this matter at trial out of sight. A continuance would not cure the prejudice.

The Court finds that Ms. Jefferson has failed to establish good cause for her out of time disclosure of the Randle report. Her explanation is non-existent and the prejudice to Barriere cannot be cured by a continuance. Although the result—exclusion of Ms. Jefferson's liability expert—is severe, the circumstances call for it. Parties may not be allowed to ignore the Court's deadlines without good cause, much less to do so repeatedly. Randle will not be allowed to present expert testimony.

3. *Dr. Dietze Rebuttal Report*

Dr. Dietze is Ms. Jefferson's treating physician. Ms. Jefferson did not produce a summary disclosure for the expected testimony of Dr. Dietze under Rule 26(a)(2)(C). However, she did submit a report in rebuttal to the report of Barriere's medical expert Dr. Thomas. It includes Dr. Dietze's opinions about what conditions Ms. Jefferson suffers from and his opinion that these conditions were aggravated by the accident at issue in this case. Dr. Dietze's rebuttal report was produced two weeks after the Scheduling Order deadline for rebuttal reports.

With regard to the failure to submit a summary disclosure under Rule 26(a)(2)(C), Ms. Jefferson appears to take the position that no such disclosure was required because Dr. Dietze merely provides rebuttal testimony. "A 'rebuttal' report explains, repels, counteracts, or disproves evidence of the adverse party's initial report." Gibson Brands, Inc. v. Armadillio Distribution Enterprises, Inc., No. 4:19-CV-00358, 2021 WL 231764, at *1 (E.D. Tex. Jan. 22, 2021) (quoting CEATS, Inc. v. TicketNetwork, Inc., No. 215CV01470JRGRSP, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018)). "The trial court generally admits rebuttal evidence either to counter facts presented in the defendant's case in chief, or to rebut evidence unavailable earlier through no fault of the plaintiff." Tramonte v. Fibreboard Corp., 947 F.2d 762, 764 (5th Cir. 1991). In determining whether an expert report is subject to the disclosure requirements of Rule 26(a)(2)(B) and 26(a)(2)(C) or if it is merely a rebuttal report, courts consider:

> First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?

Poly-Am., Inc. v. Serrot Int'l, Inc., No. CIV.A. 300CV1457D, 2002 WL 1996561, at *15 (N.D. Tex. Aug. 26, 2002).

Upon review, the Court finds that the Dietze rebuttal report contains five numbered paragraphs specifically addressing the opinions of Barriere's expert Dr. Thomas. These are in the nature of a rebuttal report and produced two weeks late. But the Dietze report also contains two re-affirmations of Dr. Deitze's opinions that certain disc herniation and discogenic changes were aggravated by the July 1, 2021, accident. These opinions were not previously disclosed in a summary disclosure as required by Rule 26(a)(2)(C) and due on July 19, 2024. The disclosure is over two months late. The Court will consider both the rebuttal opinions and the re-affirmation opinions.

10

Ms. Jefferson has provided no explanation for her failure to produce a summary disclosure pursuant to Rule 26(a)(2)(C). Nor does her opposition memorandum explain why she could not timely produce Dr. Dietze's rebuttal report. She previously argued that Dr. Dietze needed additional time to review 3,500 pages of medical records. But, as Barriere points out, the records are Ms. Jefferson's own records that she could have provided Dr. Dietze earlier. Moreover, Dr. Dietze testified that he did not review any new records for Ms. Jefferson to make his recent rebuttal findings. Ms. Jefferson's explanation for her delay weighs in favor of exclusion.

Ms. Jefferson does not explicitly address the importance of these opinions, but the court acknowledges that medical causation—especially in light of Ms. Jefferson's numerous prior and subsequent accidents—is a key contested issue in this case. Having an expert to opine on causation and respond to Dr. Thomas' report is important to Ms. Jefferson's case. This factor weighs against exclusion.

The final factors are prejudice and, if there is any, whether a continuance could cure the prejudice. Ms. Jefferson argues there is no prejudice to Barriere because it has been able to depose Dr. Dietze twice and has reserved its right to a third deposition. She argues that Barriere has been aware of Dr. Dietze's findings that Ms. Jefferson would require an adjacent level fusion in the future because it has been in possession of her medical records. And she says Barriere was aware of his opinions about her future treatment when she produced the Crawford lifecare plan in June 2022.

Barriere argues that it would be prejudiced because it has consistently followed the deadlines and it argues that allowing Ms. Jefferson to disregard the expert disclosure and rebuttal deadlines would reward her negligence. It submits further that a continuance is not a viable option because it would increase the costs to Barriere.

The Court finds Barriere has suffered prejudice as a result of Ms. Jefferson's repeated failures to comply with the Court's Scheduling Order. And this prejudice could not be cured by a continuance, as a continuance would only increase the cost of this litigation to Barriere.

Nonetheless, the Court finds that exclusion is not the appropriate sanction because it would give an unfair windfall to Barriere when the prejudice it has suffered is largely financial. Barriere has been able to timely secure a medical opinion by its own expert, who performed an independent medical examination. It was able to depose Dr. Dietze twice, including after the issuance of his rebuttal report. If only Barriere were allowed to present opinion testimony on causation and Dr. Dietze were not able to speak to Dr. Thomas' opinions, Barriere would have a clear, and perhaps even determinative advantage, at trial. Although Ms. Jefferson does not have a suitable explanation for her delay, under the circumstances, the Court finds that considering the importance of Dr. Dietze's opinion testimony and the fact that Barriere's prejudice can be substantially cured by a monetary sanction as discussed at oral argument, the report and expert testimony of Dr. Dietze should not be excluded. However, Ms. Jefferson's counsel[4] will be required to pay Barriere's reasonable attorneys' fees incurred in seeking to exclude and responding to Ms. Jefferson's last minute request for an extension.[5] This work included not only the filing of its motion and reply and an opposition to Ms. Jefferson's motion, but also the preparation for and participation in a status conference and oral argument. Additionally the Court considers the extra time expended in having to respond to the rebuttal report on an expedited timetable. The Court finds that $7,500 in

---

[4] The Court imposes this sanction on Ms. Jefferson's counsel and not Ms. Jefferson because it is Ms. Jefferson's counsel's neglect in meeting the deadlines and not any action or inaction by Ms. Jefferson that resulted in the present predicament.

[5] "The district court 'has broad discretion under Rule 37(b) to fashion remedies suited to the misconduct.'" Smith & Fuller, P.A. v. Cooper Tire & Rubber Co., 685 F.3d 486, 488 (5th Cir. 2012) (quoting Pressey v. Patterson, 898 F.2d 1018, 1021 (5th Cir. 1990). Additionally, the court has inherent authority to sanction abuses of the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991); see Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc., 2 F.3d 1397, 1407–08 (5th Cir. 1993).

fees—roughly reflective of 25 hours of attorney work at a rate of $300 per hour—is a reasonable fee. Ms. Jefferson's counsel shall pay the $7,500 sanction within 30 days.

## Conclusion

Because plaintiff has failed to establish good cause for her delay as to the Randle report, IT IS ORDERED that the Supplemental and Amending Motion in Limine to Exclude Expert Testimony of Randle (Rec. Doc. 104) is GRANTED. Randle will not be allowed to present expert testimony at trial.

Because the importance of the Dietze testimony outweighs the prejudice and Ms. Jefferson's failure to explain her delay, the Motion in Limine to Limit and Exclude Expert Testimony of Dr. Dietze (Rec. Doc. 101) is DENIED; however, as a sanction for the delay and the work Ms. Jefferson's repeated delays has precipitated, Ms. Jefferson's counsel shall pay Barriere's reasonable attorneys' fees of $7,500 within 30 days.

New Orleans, Louisiana, this 3rd day of December, 2024.

_____
Janis van Meerveld
United States Magistrate Judge